United States District Court
Southern District of Texas
**ENTERED**
January 31, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN RYDELL BONNER, <br> SPN # 02094591, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-148 |
| STATE OF TEXAS, et al., | § § | |
| Defendants. | § | |

### ORDER OF ABATEMENT AND CLOSURE

Plaintiff Ryan Rydell Bonner, a state pretrial detainee proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against state and county defendants, alleging that they have violated his constitutional rights to represent himself in defense of the criminal charges against him. *See* Docket Entry No. 1 at 4. For relief, he requests unspecified compensation as a person "wrongfully imprisoned." Id. Based on a careful review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court orders as follows.

### I. Background and Analysis

Public records from the Harris County Sheriff's Office indicate that on October 2, 2017, Plaintiff was charged with

retaliation, and bond was set at $10,000.[1] Plaintiff contends that at his court appearance on October 2, 2017, he waived and refused court-appointed counsel and requested that he be allowed to represent himself. Docket Entry No. 1 at 4. Plaintiff alleges that on October 3, 2017, counsel was appointed for him without his consent in a proceeding that Plaintiff did not attend. Id.

Plaintiff brings this action under 42 U.S.C. § 1983 seeking compensation as a person wrongfully imprisoned and does not appear to assert a claim for injunctive relief. Id. Because he seeks relief on the basis that he is wrongfully imprisoned, the Court must consider first whether a judgment in favor of the claimant would necessarily imply the invalidity of the underlying charges and potential subsequent conviction. *See* Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). If so, the claim is barred unless and until the claimant proves that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of habeas corpus." Id.

Plaintiff's lawsuit for damages for wrongful imprisonment challenges the validity of his pending criminal charges and any ensuing conviction. Where, as here, a pending civil rights lawsuit

---

[1] *See* Harris County Sheriff's Office Online Public Records website, *available at* https://apps.jims.hctx.net/sopublic/Inquiry.do;jsessionid=67DF867ABB2A7CB3CC1B749AF2B8ADFA (last visited Jan. 22, 2018).

may have future implications for a pending criminal prosecution, the proper procedure for the federal district court is to stay the section 1983 lawsuit until the criminal case is ended. Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007). Although Heck does not apply to *pending* criminal cases, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed absent some other bar to suit." Id. (citations omitted).

Accordingly, Plaintiff's claims regarding the propriety of his confinement and pending criminal proceedings will be ordered stayed and abated pending disposition of Plaintiff's criminal charges forming the basis of his current pretrial detention in Harris County, Texas. Plaintiff may move to reinstate this lawsuit within thirty days after the entry of a final disposition of his pending charges, should he elect to continue prosecuting these claims. Plaintiff will be required to pay the $400.00 filing fee or apply to proceed *in forma pauperis*, with proper documentary support, at that time.[2]

---

[2] The Court declines to construe Plaintiff's complaint as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because it is evident from the pleadings that Plaintiff has not exhausted his available state remedies. *See* Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123, 1127-28 (1973); Dickerson v. State of Louisiana, 816 F.2d. 220, 225 (5th Cir. 1987) (federal courts should abstain from the exercise of jurisdiction under § 2241 if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner) (citing cases).

## II. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Ryan Rydell Bonner's civil rights claim is **ABATED AND STAYED** pending resolution of the criminal charges pending against Plaintiff in Harris County, Texas; it is further

**ORDERED** that this case is **CLOSED** for administrative reasons until further order of the Court; and it is

**ORDERED** that any and all pending motions are **DENIED AS MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 30TH day of Jan., 2018.

_Ewing Werlein, Jr._
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE